J-A04001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELE M. STIPA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY D. GIAMPAOLO, | : | |
| | : | |
| Appellant | : | No. 1328 EDA 2019 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 17-01688,
PACSES: 344116864

BEFORE: PANELLA, P.J., STRASSBURGER, J.*, and COLINS, J.*

MEMORANDUM BY COLINS, J.:                              Filed: March 23, 2020

Anthony D. Giampaolo (Father) appeals, *pro se*, from the April 29, 2019 order dismissing his exceptions to a Support Master's child support recommendation and rendering the December 19, 2018 proposed order final. We affirm.

Father and Michele M. Stipa (Mother) are the parents of a minor daughter (Child), who was born on November 11, 2016. Both Father and Mother are full-time employees of the First Judicial District of Pennsylvania, Mother as an administrative secretary, Father as a civil case manager; Father is a licensed attorney. Father challenges the need for entry of a child support order and seeks a downward deviation from the amount of child support as

---

* Retired Senior Judge assigned to the Superior Court.

determined under the guidelines provided in Pennsylvania Rules of Civil Procedure 1910.16-1 to 1910.16-5.[1] Following a December 17, 2018 hearing, the Support Master recommended that effective November 1, 2018, Father pay $482.66 monthly in child support, plus $40 toward arrears; it was further recommended that Father receive a credit for arrears for direct payments in the amount of $2,700. Proposed Order of Support, 12/19/18. The Special Master's recommendation followed the support guidelines, with no deviations.

Father filed exceptions, alleging the Support Master did not consider Mother's other household income. Following an April 29, 2019 exceptions hearing before the trial court, where Father argued the Support Master considered neither Mother's other household income or the age of Child, the trial court denied Father's exceptions. Trial Court Order, 4/29/19. This appeal followed. Both Father and the trial court complied with Pa.R.A.P. 1925.

On appeal, Father presents the following questions for our review:[2]

---

[1] Mother filed a complaint for child support on 12/20/17. A Support Master's hearing was held on 6/6/18, and a proposed order was entered on 6/15/18. Father filed exceptions on 6/29/18, and the trial court heard oral argument on 10/24/18. By order dated 10/24/18, the trial court remanded for a full hearing on "level of support, income/earning capacity of the parties, additional needs, and any related issues." Both parties were required to bring proof of their income and expenses to the hearing.

[2] In his 1925(b) statement, Father states that he has raised "numerous issues throughout this matter," and purports to reserve all of them, "including but not limited to" five numbered issues. In its 1925(a) opinion, the trial court found three of these five numbered issues to be waived, as they were not included in Father's filed exceptions; the trial court expressed its difficulty discerning Father's fifth issue, but attempted to address its "sum and

1. Did the lower court err in not requiring a showing of need for the entry of an order for support?

2. Did the lower court err in not applying the age of Child and other household income deviation factors from support guidelines?

Appellant's Brief at 6 (unnecessary capitalization omitted).  When reviewing a child support order:

> [T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order.  An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, a court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.  In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Silver v. Pinskey,* 981 A.2d 284, 291 (Pa. Super. 2009) (*en banc*) (citation omitted).  The fact-finder is entitled to weigh the evidence presented and assess its credibility.  *Samii v. Samii*, 847 A.2d 691, 697 (Pa. Super. 2004).

---

substance," to be Father's "disapproval of the support calculation as it related to his physical custody of Child."  Trial Court's 1925(a) Opinion at 12. In his *pro se* brief to this Court, Father presents only two questions for our review. The "Summary of Argument" section of Father's brief consists of thirteen and one-half pages of single-spaced text, with no separation of issues; although difficult to discern, we find that Father's fifth 1925(b) issue is subsumed within the first issue he presented to this Court, and we address it hereunder.

- 3 -

Father's first issue is the trial court's alleged failure to require the establishment of a need for entry of a support order. In its 1925(a) Opinion, the trial court noted that in his filed exceptions, Father alleged only:

> [T]he Support Master did not consider Mother's "other household income" or "the age of the child["]; his request for discovery on the question of "other household income" and "request for an adverse inference on [Mother] for failing to produce evidence of "other household income" was ignored; the Support Master failed to grant a deviation under Pa.R.Civ.P. Rule 1910.16(b)(3); and the Support Master erred in considering the physical custody arrangement.

Trial Court 1925(b) Opinion (footnote omitted). The trial court correctly points out that Father did not file a support exception regarding the alleged failure to require establishment of need for the entry of a support order. *Id*. Pa.R.Civ.P. Rule 1910.12(f) sets forth the requirement that exceptions must be filed within twenty days after receipt of the hearing officer's report, and states that "[m]atters not covered by exception are deemed waived unless, prior to entry of the final order, leave is granted to file exceptions raising those matters." Pa.R.Civ.P. 1910.12(f). "[A] party who is dissatisfied with a master's report [must] file exceptions to the report, or waive any such objections." *Lawson v. Lawson*, 940 A.2d 444, 450 (Pa. Super. 2007). Because Father did not raise this issue in his exceptions or seek leave to file an additional exception, we find it to be waived on appeal.

Moreover, even if Father had not waived this issue, we would find it devoid of merit. Father asserts that there was no need for a custody order since he had provided support since before the Child was born, and was willing

to continue to support Child without an order; he contends, with no legal support, that the trial court erred by failing to establish the need for such order. In his brief, Father includes an excerpt from a 1981 explanatory comment set forth within the "Actions for Support" section of the Pennsylvania Rules of Civil Procedure. Pa.R.Civ.P. 1910.1-1910.50. This explanatory comment immediately precedes Pa.R.Civ.P. 1910.1, and includes a discussion of diversionary procedures, explaining that if parties can agree on the need for a support order and the amount, a domestic relations officer will prepare an order embodying the agreement for submission to the court. The comment continues, "[i]f the parties cannot agree, the court can, after consideration of the recommendation, nevertheless enter an appropriate order, subject to the right of either party to demand a hearing de novo before the court." Explanatory Comment – 1981. Mother initiated this action when she filed a complaint for custody in December 2017, and the parties proceeded to a Support Master's hearing. There was no obligation on the part of the trial court to require the showing of need to enter an order. Also, and as noted above, Father's argument that the support calculation as it related to his physical custody of Child is arguably preserved; however, it is without merit. The findings of the Support Master indicate that based upon evidence presented by the parties, as well as the 11/1/18 custody order, an adjustment for substantial physical custody of Father was warranted, and was made effective as of that date. Report of Support Master at 6.

Father's remaining issue is his contention that the trial court erred in failing to consider deviations from guideline amounts of support based upon Mother's other household income and the age of Child. Support actions are governed by Pennsylvania Rules of Civil Procedure 1910.1-1910.50. Child and spousal support are awarded pursuant to statewide support guidelines. 23 Pa.C.S. § 4322(a). The support guidelines determine the amount of support that a spouse or parent should pay based on the parties' combined monthly net income, as defined in Pa.R.Civ.P. 1910.16-2. Rule 1910.16-2(a) refers to the term "income," as defined in the support law,[3] and lists many of the types of income included in the statute. There is a rebuttable presumption that the amount of support determined from the guidelines is the correct amount of

_____

[3] Pursuant to the definitions contained in 23 Pa.C.S. § 4302, income includes:

> compensation for services, including, but not limited to, wages, salaries bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income, income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

23 Pa.C.S. § 4302.

support to be awarded. Pa.R.Civ.P. 1910.16-1(d). Rule 1910.16-5 addresses deviation from the support guidelines and sets forth factors to be considered by the trier of fact in deciding whether to deviate from the amount of support determined by the guidelines. Specifically, subsection 1910.16-5(b)(3) provides that "other household income" may be a factor to consider, and subsection 1910.16-5(b)(4) provides that "ages of the children" may be a factor to consider. Pa.R.Civ.P. 1910.16-5(b)(3)and(4). Once a court has consulted the guidelines, it "generally has reasonable discretion to deviate from the guidelines if the record supports the deviation." ***Ricco v. Novitski***, 874 A.2d 75, 82 (Pa. Super. 2005). Factors such as "other household income" may, in the trial court's discretion, be considered as a basis for deviating from the guidelines when it is necessary to avoid an unjust or inappropriate result. ***Silver v. Pinskey***, 981 A.2d at 296.

Here, the Support Master noted his use of the chart and schedule in Rule 1910.16-3 to determine Father's basic child support obligation, and concluded that the review demonstrated that the support guidelines are applicable and no deviation therefrom was warranted. 12/17/18 Report of Special Master, Conclusions of Law at 7. The Special Master made findings of fact specifically with regard to "other household income," stating that Mother "credibly testified she resides with her parents," and noting Mother's testimony that her father collects a pension, her mother collects social security benefits, and she does not know the monthly amount of funds they collect. ***Id***., Findings of Fact at 3. The Special Master found that Mother's "additional household income is

not reason to deviate from the guideline amount of support." ***Id***. The trial court set forth its findings regarding Mother's household income and its credibility determinations in connection with those findings:

> Mother credibly testified to her household income. Mother testified that she works full time as an administrative secretary and presented proof of her bi-weekly earnings of $1,833.96. Mother has no other income. Mother credibly testified that she resides with her parents in Mother's home. Mother stated that her [f]ather collects a pension and her [m]other collects social security benefits. Mother testified that it is unknown as to the exact amount they collect. Mother further testified that her parents do not contribute at all towards the household expenses. Mother often paid her parents to watch the Child. Mother testified that she is solely responsible for the household utilities, which include gas, water, electric, internet and cable, which total approximately five hundred dollars per month.

Trial Court 1925(a) Opinion at 9 (citations to N.T. omitted). The trial court opined that "[i]n the instant matter, there is no "other household income" to consider. ***Id***.

The trial court also noted that during the Support Master's hearing, both parties testified as to the age of Child and expenses related to her upbringing and care. ***Id***. at 11. This included testimony that (i) Child is not enrolled in school or extracurricular activities at age two; and (ii) Child has weekly costs associated with food, clothing, diapers, and healthcare. ***Id***. at 11-12. The trial court concluded that, clearly, the Support Master was cognizant of Child's age and expenses when deciding whether to deviate from the guidelines; furthermore, the trial court emphasized that Father was given the opportunity to present evidence, at its 4/29/19 hearing on Father's exceptions, as to how

the Special Master failed to address the age of Child at the 12/17/18 hearing, but failed to "delineate any reasons whatsoever." *Id*. at 12.

We find no abuse of discretion here. The trial court determination, by its 4/29/19 Order, to deny Father's exceptions and make final the proposed order of 12/19/18 is supported by the record, and we discern no manifest unreasonableness or showing of partiality, prejudice, bias, or ill-will. We therefore affirm.

Order affirmed.

President Judge Panella joins the Memorandum.

Judge Strassburger files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/20

J-A04001-20